FILED

2005 Jul-14  PM 01:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

LEE ANN KNOWLES,                  ]
                                  ]
     Plaintiff(s),                ]
                                  ]
     vs.                          ]  CV03-CO-03400-W
                                  ]
HARTFORD INSURANCE COMPANY,       ]
                                  ]
     Defendant(s).                ]

MEMORANDUM OF OPINION

The plaintiff in this action, Lee Ann Knowles, alleges she was subjected to unlawful discrimination during her employment by the defendant, Hartford Insurance Company ("Hartford"). Specifically, she claims she was subjected to disparate treatment due to her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (Count I), and that she received lower wages than her male counterparts in violation of the Equal Pay Act of 1963 (Count II).[1]  The cause is presently before the Court for consideration of the defendant's Motion for Summary Judgment as to all remaining counts. [Doc. 17]. The motion has

---

[1]Knowles has moved to dismiss Count III of her Complaint, and that motion will be granted. [Doc. 23].  At a discovery hearing held on June 27, 2005, Knowles agreed to dismissal of her hostile environment claim (Count IV).

been briefed  and is ready for submission.

I.      Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the

nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

II.   Discussion.

    A.   Disparate Treatment.

        1.   The Prima Facie Case.

Knowles claims she was terminated from Hartford on September 18, 2002, because of her gender. Hartford argues it is entitled to summary judgment on this claim because Knowles has no evidence that a similarly situated male employee was treated more favorably.

Knowles worked as an insurance agent since 1989, and was employed by Hartford in March 1998. (Joint Status Report, Doc. 22, ¶¶ 1-4). Knowles worked for Hartford as a personal lines sales representative, primarily

handling Hartford's individual homeowners and auto insurance products. *Id.* at ¶¶ 5-7.  Her job was to work as a liaison between Hartford  and its independent insurance agents located in her geographic territory, and she traveled to the agencies to train and educate them on the details of Hartford products.  *Id.* at ¶¶ 6-9. Knowles was also responsible for meeting with OMNI insurance company agencies in her geographic region. OMNI is a non-standard auto insurance company, which provides insurance for drivers who do not qualify for standard insurance. *Id.* at ¶¶ 10-13.  Prior to 2002, Knowles reported to the Charlotte regional office, but in early 2002 Hartford's Alabama personal lines insurance was moved to the Atlanta region. *Id.* at ¶¶ 17-18. For two to three months Knowles' Atlanta sales manager was Dennis Bilodeau, and thereafter it was John Phillips. *Id.* at 19-21.

The parties agree that Knowles' disparate treatment case is based on the framework for the presentation of circumstantial evidence of discrimination established by the Supreme Court *in McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) as modified in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 (1981).  Hartford argues that Knowles

cannot show she was treated less favorably than similarly situated Hartford employees outside the protected class.  *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004)(to establish prima facie case of discrimination in termination, plaintiff must show she belonged to a protected class, was qualified for her job, was subjected to an adverse employment action, and that similarly situated employees outside the protected class were treated more favorably).  However, Hartford has not addressed Knowles' alternative argument, that she has established a prima facie case by showing she was a member of her protected class, was qualified for her job, suffered an adverse employment action, and was replaced by someone outside the protected class. Knowles points to evidence that she was replaced by a male, Ronnie Sullivan. (Philips Depo., Doc. 18, Ex. 5, pp. 19-20; Walsh Depo., Doc. 18, Ex. ,9, p. 8.) Knowles' evidence is sufficient to establish a prima facie case of gender discrimination.  *See Cuddeback v. Florida Bd. of Education*, 381 F.3d 1230, 1235-36 (11th Cir.  2004).

      2.    Pretext.

Alternatively, Hartford argues that it is entitled to summary judgment

on Knowles' claim of disparate treatment in her termination because she cannot show the reasons it articulated for her termination are pretextual. Hartford points to the testimony of John Phillips, who said he terminated Knowles when he discovered she had made call reports listing five customer calls she had not made. (Hartford Brief, Doc. 17, pp. 8-10; Phillips' Depo., Doc. 18, Ex. 5 & 6, pp. 354, 142-46.) In response, Knowles presented evidence she believes would persuade a jury that Philips' investigation of her call reports was a pretext for discrimination.  In support of her argument, Knowles points to the declarations of Frazier, Speegle, Floyd and Bates,[2]

---

[2]Hartford filed a motion to strike the Bates, Floyd, and Speegle affidavits and the documents attached thereto, arguing the declarations should be stricken pursuant to Fed. R. Civ. P. 37(c) because Knowles did not list these witnesses in her initial disclosures and supplemental disclosures of March 2004, in her responses to interrogatories of April 2004, or in her January 2005 Joint Status Report. Doc. 34. Undisclosed witnesses cannot be used unless there is substantial justification for the failure to disclose, or the failure to disclose is harmless. Fed. R. Civ. P. 37 (c). Knowles argues there is substantial justification for her failure to disclose Bates, Floyd and Speegle because she did not discover them until she was preparing her response to the motion for summary judgment and because the agencies and some of the agents were disclosed by the defendant and were known to the defendant. Doc. 36.  Hartford responds that Knowles' claim of recent discovery is "ridiculous" and "preposterous" because she alone knew her contacts at the agencies and Hartford could not have possibly guessed which of her almost three hundred assigned agencies had knowledge regarding her claims.  Doc. 37. However, the affiants are employed by two of the five agencies specified by decisionmaker John Phillips as pivotal to his investigation which led to Knowles' termination, and the agencies were listed by Hartford in the Joint Status Report, filed one day after Hartford's motion for summary judgment.  Doc. 18, Exhibit 7-8; Doc. 22.  Because Hartford was equally aware of the relevance of these agencies, the Court finds Plaintiff's failure to disclose her specific agency contacts was harmless. Fed. R. Civ. P. 37(c).  Furthermore, Hartford was not unduly prejudiced by the Bates,

[Doc. 28, Ex. 1,2,3,5] as well as the testimony of another Hartford representative, Mike Walsh. Doc. 18, Ex. 9, pp. 12-28; Walsh Decl., Doc. 18, Ex. 10.

By itself, Sherry Frazier's affidavit casts doubt on Phillips' testimony and compels denial of Hartford's summary judgment motion on the termination claim. Doc. 28, Ex. 1. Phillips testified he talked with Sherry at the Adcock Frazier Insurance Agency, that Sherry checked with the other principal at the agency and told Phillips they had not seen a Hartford sales rep since dropping their standard appointment over a year previously. Doc. 18, Ex. 5 & 6, pp. 266-70. In her affidavit, Sherry Frazier stated she never had a conversation with Phillips and, if she had, she would have told him that Knowles visited her agency frequently and that they talked at least once a week. Doc. 28, Ex. 1. The inconsistencies between Frazier's statement and Phillips' testimony about a pivotal issue is material to Phillips' credibility and must be resolved by a jury.

---

Speegle, and Floyd affidavits since, as discussed in the text, the unchallenged Walsh testimony and Frazier declaration create a question of material fact regarding Phillips' state of mind which would require denial of the motion for summary judgment. Bates', Speegle's and Floyd's statements that Phillips spoke to the wrong person at their agencies and Knowles consistently called on their agencies do not change the outcome for this summary judgment proceeding, and any residual prejudice to Hartford can be cured by deposing the affiants prior to trial.

In addition, Phillips testified that Nell Landers of the J. Smith Lanier agency told him she had not spoken with Knowles although Knowles submitted a call report in which she claimed to have talked to Landers about two weeks earlier.  Doc. 18, Ex. 5 & 6, pp. 142-46.  In response, Knowles points to Hartford employee Mike Walsh's testimony that he and Knowles visited Landers at the J. Smith Lanier agency together, and he recorded the visit in his call reports but was never questioned about the visit prior to Knowles' termination.  Doc. 18, Ex. 9, pp. 12-28; Walsh Decl., Doc. 18, Ex. 10.  Phillips testified that, because Walsh was mentioned in Knowles' call report, he checked with Walsh's manager and confirmed that Walsh had also reported calling on J. Smith Lanier with Knowles, but Phillips did not try to resolve the inconsistency between Lander's information and the Knowles and Walsh call reports prior to listing Knowles' failure to call on the J. Smith Lanier agency as a reason for her termination.  Doc. 18, Ex. 5, pp. 195-99. The evidence that Phillips failed to follow up with Walsh or his manager about a material aspect of his investigation, coupled with the discrepancies between Walsh's version of events and Phillips testimony about what Landers told him, could permit a jury to find that Phillips' investigation or

his testimony were fabricated.

Pointing to *Hawkins v. Ceco Corp.*, 883 F.2d 977, 980 n. 2 (11th Cir. 1989), Hartford argues that evidence Knowles did not engage in the misconduct for which she was terminated is irrelevant to the question of whether Phillips believed she had done wrong.  However, Knowles' evidence does more than show that Phillips was mistaken; a jury could reasonably conclude from the evidence that Phillips' testimony and his reasons for terminating Knowles were a pretext for discrimination.  Knowles is entitled to have a jury consider this question of fact. Although disbelief of the employee or his proffered reasons does not require judgment for the plaintiff, such disbelief, in tandem with the plaintiff's prima facie case, is sufficient to permit the factfinder to infer discrimination. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir. 1997).

> The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination.  Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, "[n]o additional proof of discrimination is required."

*Id.*, citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511(1993). *See Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1332 (11th Cir 1998)("[Plaintiff] must provide sufficient evidence to allow a reasonable factfinder to conclude that the proffered reasons were not actually the motivation for his discharge. . . . [and] may do this (1) by showing that the legitimate nondiscriminatory reasons should not be believed; or (2) by showing that, in light of all of the evidence, discriminatory reasons more likely motivated the decision than the proffered reasons").

For the foregoing reasons, Hartford's motion for summary judgment will be denied as to Knowles' termination claim.

B.     The Pay Claims.

Knowles claims she was paid less than her male counterparts performing the same work, in violation of the Equal Pay Act ("EPA") and Title VII.  Hartford claims it is entitled to summary judgment on the EPA claim because Knowles cannot establish a prima facie case and it has established that any pay differential is based on a factor other than sex.  As to the Title VII disparate pay claim, Hartford claims it had legitimate, non-discriminatory reasons for the pay differences between Knowles and her

comparators.

      1.    The Equal Pay Act.

To establish a prima facie case under the EPA, the plaintiff must show her employer "pays different wages to employees of opposite sexes 'for equal work on jobs ... [requiring] equal skill, effort, and responsibility, and which are performed under similar working conditions.' " *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995); *citing Corning Glass Works v. Brennan*, 417 U.S. 188, 195, (1974), *Mitchell v. Jefferson Cty. Bd. of Educ.*, 936 F.2d 539, 547 (11th Cir.1991).  The employer can rebut a prima facie case by proving, by a preponderance of evidence, one of four exceptions set forth in the EPA. *Id.*, *citing Corning Glass Works*, 417 U.S. at 196-97, *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590 (11th Cir. 1994).  The EPA exceptions are:  "(i) a seniority system;  (ii) a merit system;  (iii) a system which measures earnings by quantity or quality of production;  or (iv) a differential based on any other factor other than sex."  *Id.*, citing 29 U.S.C. § 206(d)(1).   The employer bears the burden of proof for these affirmative defenses and the burden is a "heavy one," because the "defendants must show that the factor of sex provided no basis for the wage differential." *Id.*, *citing Corning Glass*

*Works*, 417 U.S. at 196-97, *Price v. Lockheed Space Operations Co.*, 856 F.2d 1503, 1505 (11th Cir.1988), *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1018 (11th Cir.1994), *Mulhall*, 19 F.3d at 590.  At summary judgment, the employer must demonstrate that "on all the essential elements of its [affirmative defense] on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  *Id.* at 953, *citing United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991) (en banc).  If the employer overcomes the burden, the plaintiff may rebut the explanation by showing with affirmative evidence that it is pretextual or offered as a post-event justification for a gender-based differential. *Id.* at 954, *citing Schwartz v. Florida Bd. of Regents*, 954 F.2d 620, 623 (11th Cir.1991).   If the plaintiff is able to create the inference of pretext, there is an issue which should be reserved for trial.  *Id.*

Knowles has identified three comparators for her pay claims, Al Duty, Ronnie Sullivan, and Michael Bourdeau.[3]  Hartford argues Knowles cannot

---

[3]Hartford complains that it has been entirely denied the ability to defend the pay claims because the comparators Knowles discussed in her response to summary judgment are not the same as those she identified in her deposition or in the Joint Status Report. Nevertheless, Hartford has not cited any legal authority limiting the plaintiff to comparators she names in deposition or in the status report. See, *Irby*, 44 F.3d 953, n.4 (recognizing that appellant could not rely on comparators which were not raised in district court).

establish a prima facie EPA case as to Duty because his higher pay is a result of his membership in a group of men and women who were retained when Hartford acquired OMNI.  Hartford contends Knowles cannot base her EPA claim on a comparator whose greater pay is attributable to his membership in a group consisting of both men and women. In support of this argument, Hartford cites a case from a Minnesota district court which relied on a Tenth Circuit Title VII case and a case from a Mississippi district court which distinguished a factually similar Eleventh Circuit case.  *Arthur v. College of St. Benedict*, 2001 U.S. Dist. LEXIS 17806 (D.C. Minn., October 10, 2001) (*citing Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373 (10th Cir. 1994)(Title VII pay claim); *Hofmister v. Mississippi State Dept. of Health*, 53 Fed. Supp. 2d 884, 890 (S. D. Miss. 1999) (rejecting EPA claim of "registered record administrator" who named male registered nurses as comparators because, inter alia, group of registered record administrators and group of registered nurses were comprised of males and females, distinguishing *Price v. Lockheed Space Operations Co.*, 856 F.2d 1503, 1505 (11th Cir.1988)).  *Price* appears to be more on point with the facts in the case at bar.  In *Price,* the plaintiff was employed as one of the defendant's 25 male and female

technical writers, all of whom had been hired at the salaries paid by their previous employers. The Eleventh Circuit found the plaintiff made out a prima facie EPA case by showing her salary was less than one employee of the opposite sex.  Here, it is undisputed that Knowles' pay was less than her male comparators.

Alternatively, Hartford argues it is entitled to summary judgment on the EPA claim because it has affirmatively established the pay differential was based on a factor other than sex, its decision to pay former OMNI employees the same pay they earned at OMNI.  In *Irby v. Bittick*, the employer claimed it had affirmatively established that the unequal pay of the comparators was due to a legitimate factor other than sex by presenting evidence that the comparators were hired at their prior salaries. *Irby*, 44 F.3d at 955.  The court rejected this argument, observing it had consistently held that prior salary alone cannot justify a pay disparity under the EPA. *Id.*

Although "an Equal Pay Act defendant may successfully raise the affirmative defense of  'any other factor other than sex' if [it]  proves that [it] relied on prior salary and experience in setting a 'new' employee's salary," *Id.* (emphasis in original), Hartford did not argue that Duty had more

experience than Knowles until its reply brief was filed, and Knowles has not had an opportunity to respond.  Furthermore, Hartford did not meet its burden of showing Duty had more experience than Knowles because it compared Duty's experience at OMNI, before he  joined Hartford, with Knowles' experience at Hartford, ignoring the nine years experience Knowles had prior to joining Hartford. See Joint Status Report, p. 2.

Accordingly, the motion for summary judgment will be denied as to the Equal Pay Act claim.

2.    The Title VII Pay Claim.

The preservation of Al Duty's previous salary at OMNI is a legitimate, nondiscriminatory reason for the disparity between his and Knowles' pay which Knowles has not shown is pretextual.  However, in her response to the summary judgment motion, Knowles pointed to evidence that her replacement, Ronnie Sullivan, a male with 9 years experience compared to Knowles' 14 years experience, was paid $9000 more than Knowles.  She also argues that Michael Bourdeau, who was hired four months after her termination and had minimal insurance experience, was paid $10,000 more than her base salary.  Finally, she points to Brian Blinn, a male hired two

years after Knowles was hired who had minimal insurance experience compared to Knowles' 12 years of experience.  Blinn was started at a higher salary than Knowles.  Hartford has not attempted to provide a legitimate, non-discriminatory reason for these salary disparities, and summary judgment will be denied as the the Title VII pay claim.

III.    Conclusion.

        For the reason set forth herein:

        A.    The Motion to Strike [Doc. 34] will be DENIED.

        B.    Plaintiff's Motion to Dismiss Count III [Doc. 23] will be GRANTED
              and Count III will be DISMISSED.

        C.    By agreement, Count IV will be DISMISSED.

        D.    The Motion for Summary Judgment [Doc. 17] is DENIED.

        Done this 14th day of July 2005.

                                        _____
                                        L. SCOTT COOGLER
                                        UNITED STATES DISTRICT JUDGE
                                        130122